***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Stephenson with minor modifications and enters the following Opinion and Award.
 *********** EVIDENTIARY MATTERS
On January 8, 2010, Defendants filed with the Industrial Commission a Motion to Admit New Evidence. On January 20, 2010, Plaintiff filed a response to Defendant's Motion to Admit *Page 2 
New Evidence. Pursuant to N.C.I.C. Rule 701(6) and in the discretion of the Full Commission, Defendant's Motion to Admit New Evidence is DENIED.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Worker's Compensation Act.
3. All parties have been correctly designated and there is no question as to joinder or misjoinder of parties.
4. Hartford Underwriters Insurance Company was the worker's compensation carrier on the risk for Defendant at the time of Plaintiff's injury.
5. Plaintiff sustained an injury by accident on December 3, 2007.
6. A packet of Industrial Commission Forms are admitted into evidence as Stipulated Exhibit #2.
7. Plaintiff's Medical Records are admitted as Stipulated Exhibit #3.
8. The policy for Defendant from Hartford Underwriters Insurance is admitted into evidence as Stipulated Exhibit #4.
9. The underwriting file for Defendant is admitted into evidence as Stipulated Exhibit #5. *Page 3 
10. The Hartford Underwriters insurance Policy for Plaintiff is admitted into evidence as Stipulated #6. The underwriter's file for Plaintiff is admitted into evidence as Stipulated #7.
11. The deposition of Dr. Birkedal is accepted into evidence.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Defendant Jose Domingo Rodriguez owns and operates Mingo's Carpentry. Defendant engaged Plaintiff to do carpentry and painting work at a home in Boone, North Carolina. Plaintiff had been previously employed by Defendant in 2006.
2. While working for Defendant in 2006, Plaintiff sustained a work injury for which Defendant provided compensation. Following Plaintiff's recovery from the 2006 injury, Plaintiff worked for Defendant in a supervisory position for approximately six weeks. Then Defendant notified Plaintiff that he could no long pay Plaintiff by the hour. Plaintiff ceased to be an hourly employee and Defendant began paying Plaintiff by contract on a job by job basis. At that time, Defendant requested that Plaintiff procure his own workers' compensation insurance policy.
3. Plaintiff procured his own worker's compensation insurance policy from Farm Bureau Insurance Agent Eddie Alejandro in March 2007. Plaintiff obtained workers' compensation insurance coverage for the men working for him but failed to elect coverage for himself.
4. At the time plaintiff purchased workers' compensation insurance coverage, Plaintiff's policy was assigned to Defendant-Carrier by the North Carolina Rate Bureau and obligated to bind coverage for Plaintiff. *Page 4 
5. On December 3, 2007, while painting a house for Defendant, Plaintiff fell approximately 14 feet from scaffolding to the ground, sustaining injuries. Plaintiff received treatment at Watauga Hospital in Boone and was later hospitalized at Wake Forest University Baptist Medical Center under the care of Dr. Birkedal.
6. Plaintiff filed a Form 18 and notified Hartford of the Worker's Compensation claim. Defendants filed a Form 19 and filed a Form 61 denial on January 7, 2008 citing more information was needed.
7. On January 17, 2008, Defendants issued an initial temporary total disability check in the amount of $3,360.14. The explanation of payment on the check included temporary total disability benefits from December 4, 2007 through January 22, 2008. However, on January 22, 2008, Defendants filed a second Form 61 denying the claim based on a lack of employee-employer relationship. Defendants also placed a stop payment on the January 17, 2008 temporary total disability check and did not pay any additional disability benefits. Although a Form 60 dated January 17, 2008 was admitted into evidence, it was not filed with the Industrial Commission and was not properly executed.
8. Plaintiff continued to treat with Dr. Birkedal for shoulder pain, pelvic pain, and right ankle pain. On April 2, 2008 Dr. Birkedal released plaintiff to part-time work. Plaintiff last treated with Dr. Birkedal on May 19, 2008.
9. While performing jobs for Defendant, Plaintiff provided his own tools and had two men working for him. Plaintiff was paid a pre-arranged fee by the job and Plaintiff then paid his own two employees out of those funds. Defendant did not pay anything to the men who worked for Plaintiff. On some jobs when a lump sum payment was not feasible, Defendant paid Plaintiff by the hour. However, Plaintiff's payment was on a job by job basis, and there was no *Page 5 
indication of a standing employment relationship. The greater weight of the evidence shows that at the job in which Plaintiff was injured in December 2007, Plaintiff was paid by the job. No taxes were taken from the amounts paid to Plaintiff, and Plaintiff received a Form 1099 at the end of the year from Defendant-Employer.
10. Plaintiff was engaged in the carpentry profession and had done carpentry his entire working career. Defendant contracted with Plaintiff because of Plaintiff's carpentry skills. Plaintiff used his carpentry skills, knowledge, and training in the execution of his work for Defendant. Although Mr. Domingo instructed Plaintiff as to some minimal details, Plaintiff was able to choose his own method by which to work. Plaintiff was free to set his own hours and was not required to be at the jobsite at a particular time. Mr. Rodriguez did not perform any work at the site and was not present at the time Plaintiff sustained his accident.
11. The greater weight of the credible evidence shows that Plaintiff was an independent contractor and not an employee of Defendant.
12. Defendant Jose Domingo Rodriguez held a workers' compensation insurance policy that was valid from October 5, 2007 though October 5, 2008.
13. Defendants were reasonable in their defense of this claim.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the North Carolina Worker's Compensation Act, ". . . `employment' includes employment by the State and all political subdivisions thereof, and all public and quasi-public *Page 6 
corporations therein and all private employments in which three or more employees are regularly employed in the same business or establishment. . . ." N.C. Gen. Stat. § 97-2(1).
2. In order for the North Carolina Industrial Commission to have jurisdiction over a claim, Plaintiff must prove that Defendants regularly employed three or more employees with some constancy.Cain v. Guyton,79 N.C. App. 696, 340 S.E.2d 501, aff'd,318 N.C. 410, 348 S.E.2d 595 (1986). Pursuant to N.C. Gen. Stat. § 97-2(2), Plaintiff was not an employee of Defendant.
3. In Hayes v. Elon College,224 N.C. 11, 29 S.E.2d 137 (1944), the North Carolina Supreme Court held that the dominant indicator in the determination of whether a worker is an independent contractor or an employee is whether the employer has authority to control how the worker accomplishes the tasks to be completed. Id. The Court stated that while no one factor is controlling and the presence of all factors is not required, the eight factors to be considered when deciding the degree of control exercised by an employer in each situation include whether:
 The person employed (a) is engaged in an independent business, calling or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.
Id. at 16, 29 S.E.2d at 140.
Applying the Hayes analysis to the facts in this case, while performing jobs for Defendant, Plaintiff provided his own tools and had two men working for him. Plaintiff was paid a pre-arranged fee by the job, and Plaintiff then paid his own two employees out of those funds. Defendant did not pay anything to the men who worked for Plaintiff. The greater weight *Page 7 
of the evidence shows that at the job on which Plaintiff was injured in December 2007, Plaintiff was paid by the job. No taxes were taken from the amounts paid to Plaintiff, and Plaintiff received a Form 1099 at the end of the year from Defendant-Employer.
In addition, Plaintiff was engaged in the carpentry profession and had done carpentry his entire working career. Plaintiff used his carpentry skills, knowledge, and training in the execution of his work for Defendant. Plaintiff was able to choose his own method by which to work and was free to set his own hours. The greater weight of the evidence shows that Defendant did not exercise sufficient control over the way plaintiff accomplished the work tasks such that an employee-employer relationship was established. Hayes v. Elon College, supra.
4. The greater weight of the evidence shows that Plaintiff was not an employee of Defendant Jose Domingo Rodriguez, d/b/a Mingo's Carpentry at the time of his accident on December 7, 2007, but instead was an independent contractor. Id. Therefore, Plaintiff is not entitled to benefits pursuant to the N.C. Worker's Compensation Act and the North Carolina Industrial Commission does not have jurisdiction over this claim. N.C. Gen. Stat. § 97-2.
5. N.C. Gen. Stat. § 58-36-1 requires defendant carrier to participate in North Carolina's assigned risk pool. Defendant Hartford Underwriters Insurance Company was not fraudulent in issuing an assigned-risk workers' compensation policy to plaintiff as required by statute. Because Defendant Jose Domingo Rodriguez held a valid workers' compensation liability insurance policy at the time of alleged injury, he was in compliance with N.C. Gen. Stat. § 97-93.
6. As Defendants timely denied Plaintiff's claim and did not rescind the denial, Plaintiff's claim was properly denied pursuant to N.C. Gen. Stat. § 97-18. *Page 8 
7. Defendants were reasonable in their defense of this claim and costs shall not be assessed against defendants. N.C. Gen. Stat. § 97-18.
 ***********
Based on the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission makes the following award:
 ORDER
1. Plaintiff's claim for benefits is DENIED
2. Each side shall pay the costs.
This the 24th day of March 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1